UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RODRIGO BURGUES,

    Petitioner,

v().                                    Case No. 6:11-cv-00922-GAP-GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1, filed June 2, 2011). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. 8, filed August 8, 2011). In the response, Respondents argued that the petition should be dismissed as untimely. Despite being informed of his right to do so (Doc. 10), Petitioner did not file a reply to the response.

Petitioner alleges one claim for relief in his petition. In the claim, Petitioner argues that trial counsel failed to investigate and present an insanity defense at his trial, even though Petitioner's father had informed trial counsel that Petitioner had a history of mental health problems (Doc. 1 at 6). Petitioner also argues that equitable tolling should excuse the untimeliness of the petition. *Id.* This Court concludes, for the reasons set forth below, that the petition was untimely filed and should be dismissed.

**I.    Procedural History**

On June 28, 2005, Petitioner was indicted for First Degree Felony Murder (count one) and Attempted Robbery with a Firearm (count two)(App. A at 4-6).[1] On May 19, 2006, after a jury trial, Petitioner was convicted as charged on both counts and received life in prison with a 25-year minimum mandatory term on count one and a concurrent term of fifteen years on count two (App. E). Petitioner filed a notice of appeal on June 9, 2006, and the Fifth District Court of Appeal *per curiam* affirmed on July 20, 2007 (App. I); *Burgues v. State*, 961 So. 2d 1042 (Fla. 5th DCA 2007). Mandate issued on August 8, 2007 (App. J).

Petitioner filed a *pro se* Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief on May 1, 2009 (App. M).[2] The trial court denied the motion on November 10, 2010 (App. O) and the Fifth District Court of Appeal *per curiam* affirmed on March 15, 2011) (App. Q); *Burgues v. State*, 59 So. 3d 126 (Fla. 5th DCA 2011). Mandate issued on April 7, 2011 (App. R).

Petitioner filed the instant petition on May 23, 2011 (Doc. 1).

**II.    Legal Analysis**

---

[1] Unless otherwise noted, referenced appendices refer to exhibits in Respondents' Appendix, filed August 17, 2011 (Doc. 9).

[2] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

### a.     *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA"):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d) (2011).

In the present case, the Fifth District Court of Appeal entered its order of affirmance on July 20, 2007. Petitioner then had ninety days, or through October 18, 2007, to petition the United States Supreme Court for a writ of certiorari. *See* Sup. Ct. R. 13. Thus, under 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment of conviction became final on October 18, 2007, and he

then had through October 18, 2008, absent any tolling, to timely file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the United States Supreme Court has expired).

Under 28 U.S.C. § 2244(d)(2), the AEDPA's one-year statute of limitation is tolled during the pendency of a petitioner's "properly filed" state post-conviction proceedings. However, Petitioner did not file his Rule 3.850 motion for post-conviction relief until May 1, 2009, *after* the expiration of Petitioner's AEDPA one year period to file a § 2254 petition. Accordingly, Petitioner's Rule 3.850 motion did not toll the time period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991 (2000). Accordingly, in the absence of equitable tolling, the instant petition was untimely.

    b.    *Petitioner's Habeas Corpus Petition is Untimely Even if the AEDPA Statute of Limitation is Equitably Tolled*

Petitioner argues that the AEDPA's one-year statute of limitations should be equitably tolled because, in relation to another case, Petitioner was declared incompetent to proceed and was hospitalized from February of 2007 until June of 2008 (Doc. 2 at 2). Petitioner claims that, counting from the day he was found incompetent, and tolling the time of his properly filed Rule 3.850 motion for post-conviction relief, the instant § 2254 petition was timely filed. This court cannot agree.

In a separate, unrelated case, Petitioner was charged with the robbery of a T-Mobile store on April 28, 2005 and with the robbery of a Nextel store on May 19, 2005 (App. O at 119). The robbery cases were pending when Petitioner was tried on the felony murder and attempted robbery charges in the instant case. After being convicted in the instant case, Petitioner was returned to the Orange County Jail to await trial on the pending robbery charges (Doc. 2 at 1). His trial counsel on the pending cases moved for a competency hearing and Petitioner was declared incompetent to proceed on February 26, 2007 (App. K). Petitioner was transferred to the Treasure Coast Forensic Treatment Center for the purpose of achieving legal competency (Doc. 2 at 2). On June 3, 2008, Petitioner, whose competency had been restored, was returned to court where the state filed a *nolle prosequi* in both robbery cases because Petitioner had already been sentenced to life in prison on the felony murder charge and his sentence had been confirmed on appeal (App. L).

It is unnecessary for this Court to determine whether Petitioner's period of incompetency tolled the AEDPA statute of limitation from February 26, 2007 until June 3, 2008 because the instant petition was untimely, even if the AEDPA statute of limitation was equitably tolled during that period. Petitioner did not file his Rule 3.850 motion for post-conviction relief until May 1, 2009. At that time 332 days had elapsed from Petitioner's restoration of competency on June 3, 2008. Mandate on the Rule 3.850 motion issued on the April 7, 2011 (App. R). Petitioner then had 33 days, or until May 10, 2011, to file the instant petition. However, Petitioner did not file the instant petition until May 23, 2011. As such, the petition was thirteen days overdue and untimely filed.

5

> c.  *Equitable Tolling does not Apply to Petitioner's Ninety-Day Grace Period for Seeking Certiorari Review by the United States Supreme Court*

Petitioner raises the novel argument that his petition was timely because, in addition to the AEDPA's one-year statute of limitation, his ninety-day grace period for seeking certiorari review by the United States Supreme Court was also tolled by the trial court's finding of incompetency to proceed at his second trial (Doc. 1 at 17). In other words, Petitioner argues that his judgment did not become final until ninety days after June 3, 2008 and, consequently, the AEDPA clock did not begin to run until August 3, 2008 (Doc. 1 at 17). This claim is illogical because Petitioner asks this Court to equitably toll a statute of limitation that, according to Petitioner, had not yet begun to run.

In support of his argument, Petitioner relies upon case law supporting the equitable tolling of the AEDPA statute of limitation in cases of "extraordinary circumstances." (Doc. 2 at 2). However, the AEDPA statute of limitation becomes effective only upon "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244 (d)(1)(A); *see also Jimenez v. Quarterman*, 555 U.S.113 (a state prisoner's conviction becomes "final" for purposes of § 2244(d)(1)(A) when the United States Supreme Court denies certiorari, issues a decision on the merits, or after the expiration of the 90-day period in which to seek certiorari review expires.). As such, the cases relied upon by Petitioner support only his claim that the one-year time limit under the AEDPA should have been tolled. They do not support Petitioner's claim that his ninety days to seek certiorari review should also have been tolled.

The Supreme Court Rules do not provide this Court with jurisdiction to extend Petitioner's time to file a petition for a writ of certiorari with the United States Supreme Court. *See* 28 U.S.C. § 2101(d) ("The time for appeal or application for a writ of certiorari to review the judgment of a State court in a criminal case shall be as prescribed by rules of the Supreme Court."). Certiorari review is governed by Supreme Court Rule 13 which provides that a petition for a writ of certiorari is timely when filed "within 90 days after entry of the judgment."[3] The Supreme Court requires a person seeking an extension of time to file for such writ to request an extension from a Justice. Rule 13(5) states:

> For good cause, a Justice may extend the time to file a petition for a writ of certiorari for a period not exceeding 60 days. An application to extend the time to file shall set out the basis for jurisdiction in this Court, identify the judgment sought to be reviewed, include a copy of the opinion and any order respecting rehearing, and set out specific reasons why an extension of time is justified. The application must be filed with the Clerk at least 10 days before the date the petition is due, except in extraordinary circumstances. For the time and manner of presenting the application, see Rules 21, 22, 30, and 33.2. An application to extend the time to file a petition for a writ of certiorari is not favored.

---

[3]Rule 13 provides as follows:

Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals for the Armed Forces) is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.

Sup. Ct. R. 13(1).

Sup. Ct. R. 13(5) (2011).  In the case at hand, Petitioner neither sought certiorari review, nor filed an application with the Clerk of the Supreme Court for an extension of time in which to do so.  As such, Petitioner's judgment became final on October 18, 2007, ninety days after his conviction was affirmed by the Fifth District Court of Appeal.  Accordingly, the instant petition was untimely. *See Warmus v. United States*, 253 Fed. Appx. 2 (11th Cir. 2007) (finding that rejection by the United States Supreme Court of a petitioner's application for an extension of time to file a petition for writ of certiorari, meant that the petitioner's convictions became final after ninety days)[4]; *Whitcomb v. Smith*, 23 Fed. Appx. 271 (6th Cir. 2001) (finding no merit in petitioner's argument that conviction did not become final until the expiration of the time during which he could have requested an extension of time for filing for a writ of certiorari because petitioner neither filed a petition for a writ of certiorari nor requested an extension of time in which to do so).

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

---

[4]This is an unpublished decision and is persuasive, but not binding, authority pursuant to Eleventh Circuit Rule 36–2. The Court notes this same rule applies to other Fed. Appx. cases cited herein.

**DONE AND ORDERED** at Orlando, Florida, this 17th day of November, 2011.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-4 11/17
Rodrigo Burgues
Counsel of Record